# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY L. MOSLEY,

        Petitioner,

v.                                  Case No. 18-C-724

RANDALL R. HEPP,

        Respondent.

## ORDER GRANTING MOTION TO DISMISS

      Petitioner Jeffrey L. Mosley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction in Case No. 1993CF364. In that case, on January 7, 1994, a jury found Mosley guilty of six counts of delivery of cocaine base as a party to a crime. Judgment was entered on February 16, 1994. Mosley appealed, and the Wisconsin Court of Appeals affirmed his conviction on March 13, 1996. The Wisconsin Supreme Court denied his petition for review on July 29, 1996. On July 16, 1997, Mosley filed a motion for sentence modification in the circuit court, which was denied on July 21, 1997. Mosley did not appeal. More than seventeen years later, on October 16, 2014, Mosley filed a motion for postconviction relief, which was denied on March 13, 2015. The Wisconsin Court of Appeals affirmed on December 14, 2016, and the Wisconsin Supreme Court denied a petition for review on May 15, 2017. On May 8, 2018, Mosley filed this habeas petition, claiming that the circuit court abused its discretion, his counsel provided ineffective assistance at trial, and the prosecutor engaged in misconduct. Because Mosley's petition is untimely, the respondent's motion to dismiss will be granted, the petition will be denied, and the case will be dismissed.

A § 2254 federal habeas petition that challenges a state court conviction is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) sets forth the dates on which this one-year period may begin to run. Relevant here is § 2244(d)(1)(A), which gives a habeas petitioner one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a petition. The limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Mosley's petition is untimely under § 2244(d)(1)(A). Mosley's conviction became final and the one-year limitations period began to run on October 27, 1996, ninety days after the Wisconsin Supreme Court's denial of his petition for review. *See* Sup. Ct. R. 13 (allowing ninety days after entry of an order denying discretionary review to timely file a petition for a writ of certiorari); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The one-year limitations period thus expired on October 27, 1997. Although Mosley's motion for sentence modification filed on July 16, 1997 and denied five days later tolled the limitations period for fifty-one days, *see* Wisconsin Statute § 808.04(1) (an appeal of a final order must be initiated within forty-five days), the limitations period expired long before Mosley filed his next postconviction motion on October 16, 2014. Mosley's October 16, 2014 motion has no effect on the limitations period because the period had already expired before the motion was filed. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Equitable tolling does not forgive the petition's untimeliness. In rare, extraordinary circumstances, "the doctrine of equitable tolling permits a federal habeas petitioner to overcome a breach of [Antiterrorism and Effective Death Penalty Act of 1996]'s one-year limitations period." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). To be entitled to equitable tolling, a habeas

petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of demonstrating both elements; if either of the two elements is not met, equitable tolling does not apply *Carpenter*, 840 F.3d at 870. Mosley, who has not responded to the respondent's motion to dismiss, has failed to demonstrate diligence, as he has offered no justification for his unreasonable and lengthy delay in seeking habeas relief. Mosley has similarly failed to demonstrate that an extraordinary circumstance prevented him from timely filing his habeas petition. Mosley has not met his burden, so equitable tolling does not apply.

Because Mosley's petition is untimely under § 2244(d)(1)(A) and no tolling, equitable or otherwise, rectifies this untimeliness, the respondent's motion to dismiss (ECF No. 15) is **GRANTED**, Mosley's petition for relief under § 2254 is **DENIED**, and this case is **DISMISSED**. A certificate of appealability will be **DENIED** because I conclude that reasonable jurists could not debate the outcome, and Mosley has not made a substantial showing of the denial of a constitutional right.

Mosley is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Mosley decides to appeal, he should also request that the court of appeals issue a certificate of appealability. *See* Fed. R. App. P. 22(b).

**SO ORDERED** this   11th   day of December, 2018.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
